**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11922
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EFRAIN RODRIGUEZ-CANDELARIA,
a.k.a. Tony,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:04-cr-00327-VMC-NHA-1
_____

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Efrain Rodriguez-Candelaria appeals the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons discussed below, we affirm.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Rodriguez-Candelaria was found guilty following a bench trial of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846; possession of ammunition and a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g).  The district court sentenced Rodriguez-Candelaria to a 420-month term of imprisonment followed by 5 years of supervised release.  He is projected to be released on June 21, 2034.

In August 2024, Rodriguez-Candelaria moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He submitted (1) his inmate disciplinary record, which alleged that he was sanctioned in June 2010 for refusing to work; (2) his inmate education record, which reflected that he completed his GED and took courses in, among other things, drawing, parenting, and nutrition; (3) a character letter he wrote, in which he alleged that he worked a UNICOR job and embraced Christianity during his incarceration; and (4) character letters from his daughter, his mother, and two of his sisters.

Rodriguez-Candelaria argued that compassionate release is appropriate because the underlying conviction would no longer

qualify for career offender designation and thus the sentence he would receive today would be shorter than the sentence he received at sentencing. Rodriguez-Candelaria also notes his rehabilitation efforts including the completion of his GED, his work in a UNICOR job since 2013, and his close relation to his family members who plan to house him upon his release.

The district court denied Rodriguez-Candelaria's motion for compassionate release. The district court determined that, under the § 3553(a) factors, his criminal history weighed against release. It observed that the seriousness of the offense conduct also weighed against release. The district court found that neither the seriousness of the offense nor deterrence would be met because Rodriguez-Candelaria had only served around 60 percent of his sentence. It acknowledged his positive efforts during his incarceration but concluded that "these efforts [did] not alter [its] finding that Mr. Rodriguez-Candelaria [was] a danger to the community, and the need to protect the public, promote respect for the law, and deter future crimes weigh[ed] against his release at this time."

## II.    STANDARD OF REVIEW

We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes

findings of fact that are clearly erroneous, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted).

## III.    DISCUSSION

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

Factors under § 3553(a) that the district court must consider include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences

available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly situated defendants. *Id.* § 3553(a)(1), (3) (7). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *Tinker*, 14 F.4th at 1241. However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoted source omitted, alteration in original).

Here, we conclude that the district court did not abuse its discretion because it reasonably found that Rodriguez-Candelaria's rehabilitation efforts were outweighed by deterrence, respect for the law, protection of the public, the seriousness of the offense, and his history and characteristics. The district court stated that it reviewed Rodriguez-Candelaria's violent and drug-related criminal history, including trafficking in heroin, possession of heroin with intent to sell, domestic violence battery, trespassing, loitering and prowling, vehicle theft, possession of altered VIN numbers, operating a chop shot, grant theft, battery, criminal mischief solicitation of prostitution, numerous driving offenses, in addition to the seriousness of his actions underlying Rodriguez-Candelaria's offense of conviction. Based on that analysis, the district court concluded that the § 3553(a) factors weigh against compassionate release. These were factors that the district court was permitted to consider, and which were supported by the facts in the record. The district court had discretion to decide how much weight to assign each § 3553(a)

factor, and it did not abuse its discretion in reasoning that Rodriguez-Candelaria's original sentence reflected the seriousness of the offense, promoted respect for the law, and afforded adequate deterrence. *See id.* at 1240–41.

## IV.    CONCLUSION

For the foregoing reasons we hold that the district court did not abuse its discretion by concluding that, here, the § 3553(a) sentencing factors do not favor compassionate release. We thus affirm the district court's denial of Rodriguez-Candelaria's motion for compassionate release.

**AFFIRMED.**